IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

GEORGE ANTONIO NEWMAN,  )
                        )
        Movant,         )
                        )
v.                      )   CIVIL ACTION NO. 3:16-05780
                        )   (Criminal No. 3:14-00050)
UNITED STATES OF AMERICA, )
                        )
        Respondent.     )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Movant Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 817).[1] By Standing Order, this matter was referred to the undersigned for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 818.)

## FACTUAL AND PROCEDURAL BACKGROUND

A    **Criminal Action No. 3:14-00050:**

On May 20, 2014, Movant pled guilty to one count of Possession with Intent to Distribute a Quantity of Cocaine, also known as "Coke," in violation of 21 U.S.C. § 841(a)(1) (Count Eight of Superseding Indictment). (Criminal Action No. 3:14-00050, Document Nos. 312, 313, and 317.) A Presentence Investigation Report was prepared. (Id., Document No. 740.) The District Court determined that Movant had a Base Offense Level of 26, and a Total Offense Level of 25, the Court having applied the following: A two-level enhancement pursuant to U.S.S.G. §

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2D1.1(b)(1) for possession of a firearm; and A three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. (Id.) The District Court sentenced Movant on February 2, 2015, to a 51-month term of imprisonment to be followed by a three year term of supervised release.[2] (Id., Document Nos. 730 and 734.)

On February 4, 2015, Movant filed his Notice of Appeal. (Id., Document No. 736.) Counsel filed an Anders Brief challenging the reasonableness of Movant's sentence and whether the District Court erred in denying him a minor role adjustment. (Id., Document No. 798.) On August 24, 2015, the Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence. (Id.); United States v. Newman, 613 Fed.Appx. 235 (4th Cir. 2015).[3]

---

[2] The District Court imposed a sentence below the advisory Guideline range based upon the Court's practice of adopting a 10:1 ratio between cocaine base and powder cocaine. (Criminal Action No. 3:14-cr-00050, Document No. 735.)

[3] The Bureau of Prison's Inmate Locator indicates that Movant was released from custody on November 3, 2017. A case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy the case-or-controversy requirement of Article III of the United States Constitution. *Lewis v. Continental Bank Corp.*, 494 U.S. at 477 - 478, 110 S.Ct. at 1253 - 1254. "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). The Movant's Motion continues to be viable therefore while he is on supervised release. *Smith v. United States*, 2009 WL 2213480, *1 (S.D.W.Va.)(J. Goodwin). When a change occurs, however, which eliminates a Section 2255 Movant's interest in the outcome or need for the requested relief, the case becomes moot. *Hurt v. United States*, 2009 WL 36491, *3 (S.D.W.Va.)(J. Faber). The termination or expiration of the term of supervised release and complete discharge of the sentence is such a change. *Id.* In the instant case, Movant is still serving his term of supervised release. Therefore, the undersigned finds that Movant's Section 2255 is not moot. *See United States v. Johnson*, 729 Fed.Appx. 229, 230 (4th Cir. March 30, 2018)("[W]e hold that Johnson's release does not render this appeal moot as he remains on supervised release, and the district court may, in its discretion, alter any aspect of a defendant's otherwise statutory mandated sentence, including supervised release terms, should it find [Section 2255] relief warranted.")

2

**B.     Section 3582 Motions:**

On June 16, 2016, Movant, acting *pro se*, filed his "Letter-Motion for Reduction/Modification of Supervised Release Terms & Sentence for Good Cause." (Id., Document No. 814.) On June 20, 2016, Movant filed his "Motion for Reduction of Sentence Per 18 U.S.C. § 3582(c)(2) in Light of Johnson, S.Ct. (2015) and Welch, S.Ct. (2016) and for Reduction/Modification of Supervised Release with Preliminary Leave to Proceed and File Sought" and Memorandum in Support. (Id., Document Nos. 815 and 816.) By Order entered on June 27, 2016, the District Court denied Movant's Motions. (Id., Document No. 819.)

**C.     Section 2255 Motion:**

On June 27, 2016, Movant filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action 3:16-05780, Document No. 817.) Citing Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) and Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), Movant challenges the validity of his sentence. (Id.) Specifically, Movant asserts that Johnson and Welch invalidated his two-point enhancement for possession of a firearm in further of a drug crime. (Id.)

## ANALYSIS

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of

ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

In the instant case, Movant argues that he is entitled to relief based upon Johnson. In Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year " that - - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added). The italicized portion above is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

In the instant case, Movant does not contend that he was sentenced under the ACCA. Movant was convicted and sentenced under 21 U.S.C. § 841(a)(1) and his sentence was enhanced

pursuant to U.S.S.G. § 2D1.1(b)(1). Movant appears to argue that Johnson should be extended to his sentencing enhancement under the Guidelines. Movant's sentence, however, was enhanced pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. Unlike U.S.S.G. § 4B1.1 that contained a "residual clause" textually identical to the "residual clause" of the ACCA, U.S.S.G. § 2D1.1(b)(1) does not contain such a "residual clause." Movant's sentencing enhancement was not dependent upon whether he was convicted of a "violent felony" or "crime of violence," but upon whether he possessed a firearm in furtherance of the crime.[4] Thus, Johnson is inapplicable to Movant's circumstances as neither Section 841(a)(1) nor U.S.S.G. § 2D1.1(b)(1) are dependent upon any "residual clause" subject to a Johnson type challenge. Additionally, Movant fails to present any other basis for challenging the validity of his conviction or sentence that could be considered timely and appropriately asserted in the above proceedings.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Movant Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

---

[4] Moreover, Movant's argument is without merit even assuming Movant was sentenced under the "residual clause" of the Guidelines. The issue concerning whether *Johnson* applies to the Guidelines has now been specifically addressed by the United States Supreme Court. On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment in light of *Johnson*. *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The Supreme Court specifically determined that the "residual clause" of Section 4B1.2(a) was not unconstitutionally vague because that "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* The Supreme Court explained that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," and thus are not subject to a vagueness challenge. *Id.* Thus, Movant's argument that the holding of *Johnson* extends to his sentence under the Guidelines is without merit.

Federal Custody (Document No. 817) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: March 12, 2019.

Omar J. Aboulhosn
United States Magistrate Judge